UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKEEM A. CHANEY,

    Plaintiff,

v.

UNKNOWN BREEDLOVE, et al.,

    Defendants.

_____/

Case No. 1:18-cv-1065

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against various Michigan Department of Corrections (MDOC) employees, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Defendants filed a Motion for Summary Judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the Court grant in part and deny in part Defendants' motion and further recommending this Court dismiss Plaintiff's retaliation claim against Defendant Breedlove pursuant to 28 U.S.C. § 1915(e)(2)(B)(*ii*). The matter is presently before the Court on Defendants' objections to the Report and Recommendation. Plaintiff has filed a response to Defendants' objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection One.* Defendants object to the Magistrate Judge's determination that "an issue of fact remains as to whether Defendant Breedlove used excessive force when he separated

Plaintiff from another prisoner inmate to de-escalate a dangerous and violent physical altercation" (Obj., ECF No. 31 at PageID.335). First, Defendants assert that the Magistrate Judge considered only the presence-of-injury factor from *Wilkins* in determining that an issue of fact remains, instead of also analyzing whether the force was applied in good faith, to restore discipline, as opposed to callously impose harm (*id.* at PageID.336; citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Second, Defendants point out that evidence was presented to show that Defendant Breedlove "used force, in good faith, not to harm Plaintiff, but to separate and protect Plaintiff from enduring further harm to himself and imposing further harm to another prisoner" (*id.*).

Defendants' objection lacks merit. The Magistrate Judge properly identified that "a genuine issue as to whether Sgt. Breedlove applied force gratuitously for the purpose of causing pain" exists (R&R, ECF No. 27 at PageID.317-318). Viewing the evidence and all reasonable inferences in favor of Plaintiff, which the Court is obligated to do, the Magistrate Judge properly concluded that "a reasonable jury crediting Plaintiff's version could conclude that there was no penological justification for the force that Sgt. Breedlove applied" (*id.* at PageID.316, 318, citing *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992)). Therefore, the objection is denied.

*Objection Two.* Defendants object to the Magistrate Judge's recommendation to "deny Defendants' motion with respect to Plaintiff's retaliation claim against Defendant Hudson" (Obj., ECF No. 31 at PageID.337). Defendants assert that "it is unclear what portion of the record the Court reviewed in making its determination with respect to the elements of *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)" (*id.*).

Defendants' objection lacks merit. The Magistrate Judge properly concluded that summary judgment on Plaintiff's retaliation claim against Defendant Hudson was precluded (R&R, ECF No. 27 at PageID.320). Specifically, as outlined in the background facts and supported by the record, a genuine issue of material fact exists at least as to Hudson's alleged adverse actions—Hudson's statements and pushing Plaintiff's injured arm—ten days after Plaintiff filed a grievance against Hudson (*id.* at PageID.315).

Defendants also argue that "Plaintiff does not allege a retaliation claim in his complaint" and "because Plaintiff testified under oath that he did not assert a First Amendment claim against the Defendants, Defendants justifiably did not address a retaliation claim" (Obj., ECF No. 31 at PageID.337-338). However, the Magistrate Judge concluded that "[b]ecause Plaintiff's testimony was equivocal on whether he was asserting retaliation claims (ECF No. 21-2 at PageID.283-291), Plaintiff has not voluntarily dismissed his retaliation claims, and Plaintiff alleges retaliatory conduct in his complaint, Plaintiff's retaliation claims are properly before the Court" (R&R, ECF No. 27 at PageID.313). Defendants' mere disagreement with the Magistrate Judge's conclusion does not demonstrate any error by the Magistrate Judge that would warrant rejecting the Report and Recommendation. Therefore, Defendants' objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Consistent with the Magistrate Judge's recommendation (R&R, ECF No. 27 at PageID.321), this Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 28, as corrected by ECF No. 31) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 27) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 20) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation (ECF No. 27). Specifically, the Court **grants** summary judgment on Plaintiff's excessive force and failure-to-intervene claims against Defendant McElfresh, Donahue, and Hudson; and the due process claim against Defendant Breedlove. Defendants McElfresh and Donahue are TERMINATED from this case. The Court **denies** summary judgment on Plaintiff's excessive force claim against Defendant Breedlove and his retaliation claim against Defendant Hudson.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(*ii*), that Plaintiff's retaliation claim against Defendant Breedlove is DISMISSED for failure to state a claim, for the reasons stated in the Report and Recommendation (ECF No. 27).

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 9, 2020         /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge