UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKEEM A. CHANEY #770493,

    Plaintiff,

v.                                Case No. 1:18-cv-01065

UNKNOWN BREEDLOVE, ET AL.,      HON. JANET T. NEFF

    Defendants.

_____/

## SECOND AMENDED CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    401 Ford Federal Building, 110 Michigan, NW<br>           Grand Rapids, MI 49503<br>Before:  Judge Janet T. Neff<br><br>**Counsel shall be present for an in-chambers conference one-half hour prior to the start of trial.** | OCTOBER 19, 2021<br>9:00 AM |
| Jury or Non-Jury | Jury |
| Estimated Length of Trial | 3 days |
| Motions in Limine | AUGUST 6, 2021 |
| Settlement Conference                        Date:<br>                                                              Time:<br>                                                               Before: | JULY 23, 2021<br>2:00 PM<br>Hon. Sally J. Berens |
| Subpoenas/Motions for Writs | AUGUST 20, 2021 |
| Final Pretrial Conference                       Date:<br>Before Judge Janet T. Neff                  Time: | SEPTEMBER 27, 2021<br>1:30 PM |

1. TRIAL DATE AND SETTING: This case is scheduled for trial before the Honorable Janet T. Neff, 401 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan, as set forth above.[1] Counsel shall be present for an in-chambers conference one-half hour prior to the start of trial.

---

[1] A copy of Judge Neff's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov). Attorneys must comply with the *current* version of the Guidelines.

2. <u>MOTIONS</u>:

   a. Non-dispositive

   Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They may be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, *et seq*., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LcivR 7.1(d).

   b. Motions in limine must be filed by the date set forth in the table above.

3. <u>SETTLEMENT CONFERENCE</u>: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the magistrate judge as set forth above.

   a. <u>Persons Required to Attend</u>. Unless excused after a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing party. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend. All participants shall be present in person unless specifically excused by written motion and order (or otherwise directed) by the Court. W.D. Mich. LCivR 16.6.

   b. <u>Settlement Letter to Opposing Party</u>. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendants' counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendants' counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than three business days before the conference. Letters should be mailed, hand delivered, or emailed to berensmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

   c. <u>Confidential Settlement Letter to Court</u>. In addition, three business days before the conference, each party or their attorney shall submit to Judge Berens's chambers a confidential letter concerning settlement. Letters should be mailed, hand delivered, or emailed to berensmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed

    to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

4. SUBPOENAS/MOTIONS FOR WRITS:  On or before the date set forth in the table above, each party shall file a proof of service of subpoenas for all non-incarcerated, non-party witnesses, or a motion for a writ of habeas corpus ad testificandum for prisoner witnesses, as required by the notice attached to this order. Failure to file a proof of service or timely motion for a writ of habeas corpus ad testificandum will result in the exclusion of the witnesses from trial. See attached Notice Regarding Issuance of Subpoenas and Writs of Habeas Corpus Ad Testificandum. Either party wishing to call a witness to testify by video conference must file a motion with the Court.

5. FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled at the date and time set forth above.

6. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: Unless directed otherwise by this Court, a proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

    A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:

    (List the counsel who will attend the pretrial conference.)

    1. Exhibits: The following exhibits will be offered by the plaintiff and the defendants:

    (List jointly [JT EX ___] all exhibits, including demonstrative evidence and summaries of other evidence. Exhibits expected to be used solely for impeachment purposes need not be identified until trial. The exhibits shall be identified on a form similar to Exhibit 1, attached to Judge Neff's Information and Guidelines. The complete list of exhibits on a form similar to Exhibit 1 must be produced at the final pretrial conference. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Where the parties are unable to agree on the inclusion of an exhibit, plaintiff shall use numbers [1-99]; defendants shall use letters [A-Z]. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Objections not contained in the Pretrial

Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  *See* Fed. R. Civ. P. 26(a)(3).)

2. <u>Uncontroverted Facts</u>:  The parties have agreed that the following may be accepted as established facts:

   (State in detail all uncontroverted facts.)

3. <u>Controverted Facts and Unresolved Issues</u>: The factual issues remaining to be determined and issues of law for the Court's determination are:

   (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

   a. Non-expert witnesses to be called by the plaintiff and the defendants, except those who may be called for impeachment purposes only, are:

      (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

   b. Expert witnesses to be called by the plaintiff and the defendants, except those who may be called for impeachment purposes only, are:

      (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

   c. It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing parties object.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

   All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants are:

   (Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse

party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendants' case; _____ days for other parties.

7. <u>Form of Alternative Dispute Resolution</u>: The form of Alternative Dispute Resolution selected was _____.  The outcome was unsuccessful for the following reasons:

8. <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

   (Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance. Upon approval by the Court, with such additions, deletions or modifications as are necessary, the Final Pretrial Order will be entered.

7. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:

   a. At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including:

      i. Jury Selection Procedure, and

      ii. Jury Instructions.

   b. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

   c. At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

      i. Trial briefs.

      ii. A joint statement of the case and statement of the elements of the claims.  Unless the case is very complex, the joint statement of the case should not exceed one paragraph.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The purpose of the joint statement of the case is to summarize the nature of the case.  In a jury trial, the statement(s) of the case will be read to the prospective jurors during jury selection.  The elements of the claims will be included in the preliminary jury instructions.

      iii. Proposed voir dire questions.  The Court will conduct voir dire, taking into account questions proposed by attorneys that have been submitted for review before the final pretrial conference.  Attorneys may be permitted limited

      additional voir dire.  Counsel is advised to review the standard voir dire posed by the Court as stated in Attachment 2 of Judge Neff's Information and Guidelines for Civil Practice.

8. <u>PREPARATION FOR JURY TRIAL</u>:

    a. The parties shall **jointly** file the following not later than **seven (7) days** prior to the trial:

        i. Joint proposed jury instructions.  The parties shall submit one set of instructions to the Court and shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses.  This court uses Western District of Michigan's Standardized Civil Jury Instruction for the preliminary and final instructions.  A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov) under Attorney Information.  The court generally uses O'Malley, Grenig, & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.

            (1) Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

            (2) In addition to being electronically filed, the proposed instructions shall be submitted to the judge's chambers in an editable word processing format by e-mail to Judge Neff's Judicial Assistant, Chris Bockheim at chris_bockheim@miwd.uscourts.gov and Judge Neff's Case Manager, Rick Wolters at rick_wolters@miwd.uscourts.gov.

            (3) For standard instructions with highlighted language or blanks, fill in the blanks and either delete the highlighting, leaving the language intact, or delete the highlighted language altogether, as applicable.  No instruction submitted shall contain highlighting or blanks.

            (4) If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

            (5) Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.  Place each objection at the bottom of the specific instruction page.

        ii. Joint proposed jury verdict form(s).

    b. The parties are required to submit a copy of the joint statement of the case and statements of the elements, joint proposed jury instructions, and joint proposed verdict form(s) compatible with Word by e-mail to Judge Neff's Judicial Assistant, Chris Bockheim at chris_bockheim@miwd.uscourts.gov and Judge Neff's Case Manager, Rick Wolters at rick_wolters@miwd.uscourts.gov.

9. <u>JURY SELECTION</u>:

   a. Counsel shall be present for an in-chambers conference one-half hour prior to the start of jury selection.

   b. The court will seat a jury of 8 members, and all jurors shall participate in the verdict subject Fed. R. Civ. P. 47(c) and 48.

   c. A jury will generally be selected as follows:

      i. The courtroom clerk will call 8 names for the jury panel, and such persons will be seated in the order they are called.

      ii. The Court will conduct voir dire, taking into account questions proposed by the attorneys that have been submitted for review before the final pretrial conference.  Attorneys may be permitted limited additional voir dire.  The Court may sua sponte, in its discretion, excuse a juror for cause.

      iii. Attorney challenges for cause will be heard at side bar.  The Court will excuse any prospective juror for cause where appropriate, replace the excused juror, and the process will be repeated.

      iv. When the Court has determined that none of the prospective jurors in the jury box should be dismissed for cause, the parties may exercise their peremptory challenges. *See* 28 U.S.C. § 1870.  Peremptory challenges will be exercised in writing away from the jury, and the Court will then excuse all peremptorily-challenged jurors.

         (1) In the first round of challenges, the plaintiff's counsel will exercise its peremptory challenges first and defense counsel second.

         (2) The challenged jurors will be replaced, and the process repeated in the same manner except defense counsel will exercise its peremptory challenges first during the second and all subsequent even-numbered rounds.

         (3) The process repeats itself until there is a jury.

         (4) In a case with multiple parties, the Court may allow additional peremptory challenges. *See* 28 U.S.C. § 1870.

Dated: May 7, 2021              /s/ Sally J. Berens
                                SALLY J. BERENS
                                UNITED STATES MAGISTRATE JUDGE

NOTICE REGARDING ISSUANCE OF SUBPOENAS

AND WRITS OF HABEAS CORPUS AD TESTIFICANDUM

      If a witness is a prisoner, you MUST file a motion asking the Court to issue a writ of habeas corpus ad testificandum for that person. In the motion, you must tell the Court WITH SPECIFICITY what the testimony of the witness(es) will be and why the testimony is important to your case. When you file your motion, you MUST state that person's FULL NAME, PLACE OF INCARCERATION, AND PRISONER NUMBER. If you do not provide the needed information, the MDOC will be unable to find that person and cannot produce him or her for your trial. It is up to you to provide the Court with this information. If, based on plaintiff's summary, the Court determines that an incarcerated witness's testimony is relevant, the Court will issue a writ requiring the MDOC to produce the witness at trial. Either party wishing to call a witness to testify by videoconference must file a motion with the Court.

      Non-incarcerated witnesses must be served with a subpoena. Federal Rule of Civil Procedure 45(a)(3) directs the Court Clerk to issue a subpoena, signed but otherwise blank, to a party requesting it. No previous leave of court is necessary for the issuance of a subpoena. A party requesting a subpoena should be aware, however, that he is responsible for service of the subpoena in compliance with Rule 45. Specifically, the subpoena must be served by delivering a copy to the witness. FED. R. CIV. P. 45(b)(1). Service by mail is insufficient. See Firefighters Inst. for Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000). Furthermore, if the witness's attendance is commanded, the subpoena must be accompanied at the time of service with fees for one day's attendance and the mileage allowed by law. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D. Kan. 1995); see also George v. Jones, No. C 06-2800 CW, 2008 WL 859439, at * 16 (N.D. Cal. Mar. 28, 2008); Reynosa v. Smith, No. 4:06-cv-106, 2006 WL 3456667, at * 1 (W.D. Mich. Nov. 27, 2006). The party requesting a subpoena must pay these fees. The court has no authority to waive such fees or to direct that the government advance them on a party's behalf. See Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983), abrogation recognized on other grounds, L&W Supply Corp. v. Acuity, 475 F.3d 737, 739 n.6 (6th Cir. 2007); accord Lofton v. Smith, No. 604cv48, 2007 WL 2728431, at * 2 (S.D. Ga. Sept. 10, 2007) (collecting cases); Strain v. Sandham, No. Civ. 5-05-474 GEB GGH P, 2007 WL 867962, at * 5 (E.D. Cal. Mar. 20, 2007). Although a litigant proceeding in forma pauperis is constitutionally entitled to waiver of the filing fee, there is no constitutional entitlement to government subsidization of other litigation costs. Johnson, 698 F.2d at 289. A subpoena that is not served in accordance with the dictates of Rule 45(b) is "invalid." Smith, 162 F.R.D. at 686. Furthermore, Rule 45(c)(1) provides for the protection of persons subject to subpoenas. Rule 45(c)(1) states, "A party . . . responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party . . . who fails to comply." FED. R. CIV. P. 45(c)(1); see Caretolive v. Von Eschenbach, No. 2:07-cv-729, 2008 WL 552431, at * 3 (S.D. Ohio Feb. 26, 2008) (awarding $6,000 in sanctions pursuant to Fed. R. Civ. P. 45(c)(1)).