UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKEEM A. CHANEY #770493,

    Plaintiff,                                                                                    Hon. Janet T. Neff

v.                                                                                                                     Case No. 1:18-cv-1065

TONY BREEDLOVE, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

    This is an action brought by a state prisoner pursuant to 42 U.S.C. § 1983 against several Michigan Department of Corrections Employees. Prior to trial, the parties agreed to settle the matter, and on November 22, 2022, the Court entered a Stipulated Order of Dismissal. (ECF No. 101.) Presently before me is Plaintiff's Moton to Enforce Settlement Agreement, Inpose [sic] Sanctions, and Award Attorney's Fees. (ECF No. 102.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED** because the Court lacks jurisdiction to grant the requested relief.

    The Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), governs the jurisdictional analysis as to enforcement of the parties' settlement agreement. In *Kokkonen*, the Court held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Absent an independent jurisdictional basis, a federal district court possesses jurisdiction to enforce a settlement agreement only where: (1) the order of dismissal includes a provision retaining jurisdiction; or (2) the terms of the settlement agreement are

incorporated into the order of dismissal. *Id.* at 381; *see also Hehl v. City of Avon Lake*, 90 F. App'x 797, 801 (6th Cir. 2004). While *Kokkonen* involved a diversity action, its holding is equally applicable when, as here, the action giving rise to the settlement agreement was premised on federal question jurisdiction. *See Abbott Labs. v. CVS Pharm., Inc.*, 290 F.3d 854, 857 (7th Cir. 2002) ("Although the class action that ended in settlement was within federal-question jurisdiction, the settlement is just a contract, so a suit on the settlement needs an independent basis of federal jurisdiction, which here is lacking because parties on both sides have the same corporate citizenship.").

The dismissal order in this case provided:

> **IT IS ORDERED** that this action is dismissed, with prejudice and without attorney fees and costs, and subject to the terms set forth in the settlement agreement.

(ECF No. 101.) The first *Kokkonen* exception does not apply because the order clearly did not retain jurisdiction. As for the second exception, the Sixth Circuit "has joined other circuits in strictly applying the holding in *Kokkonen*." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502 (6th Cir. 2000). In *Caudill v. North American Media Corp.*, 200 F.3d 914 (6th Cir. 2000), the court adopted the Third and Eighth Circuits' interpretation of *Kokkonen* that "[t]he phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" *Id.* at 917 (quoting *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999) (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995))). In *McAlpin*, court found that the district court's dismissal order did not satisfy the second exception because "the district court's incorporation in its dismissal order of only a single term of the parties' 20-page settlement agreement is insufficient to support the court's exercise of ancillary jurisdiction over the entire

agreement." 229 F.3d at 502. More recently, the Sixth Circuit found that the district court's order satisfied the second *Kokkonen* exception because "[b]y listing the fourteen terms of the settlement agreement in its consent judgment, the district court explicitly incorporated the parties' entire agreement." *200 N. Monroe, LLC v. Sower*, 850 F.3d 265, 270 (6th Cir. 2017).

Here, the dismissal order did not incorporate, either explicitly or implicitly, any term of the settlement so as to satisfy *Kokkonen*'s requirements. Moreover, "[i]t is well settled that the mere reference in a dismissal order to a settlement agreement does not incorporate the Agreement into the order." *McAlpine*, 229 F.3d at 502 (internal quotation marks and brackets omitted); *see also Tele-Cons v. General Elec. Co.*, No. 6:10-CV-451, 2011 WL 13134894, at *2 (E.D. Tex. Nov. 2, 2011) (the phrase "subject to the terms of the Settlement Agreement" was insufficient to create jurisdiction under *Kokkonen*). Accordingly, because the dismissal order fails to meet either *Kokkonen* exception, the Court lacks jurisdiction to enforce the settlement agreement.

For the reasons set forth above, I recommend that the Court **deny** Plaintiff's motion to enforce the settlement agreement. (ECF No. 102.)

Dated: May 12, 2023                                             /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).